UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| DANIEL JAMES DRIEHORST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-433-G |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Daniel James Driehorst brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Having reviewed the administrative record (Doc. No. 13, hereinafter "R. _"),[2] and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed his DIB application on March 24, 2015, alleging a disability-onset date of April 10, 2010. R. 12, 191-97. After his request was denied initially and on reconsideration, R. 12, 97-123, 128-32, a hearing was held before an

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

administrative law judge ("ALJ").  R. 30-96.  The ALJ issued an unfavorable decision on May 16, 2017.  R. 12-24.

The ALJ followed the five-step sequential evaluation process in determining Plaintiff was not entitled to disability benefits.  *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from July 23, 2011 (the day after denial of a previous DIB application filed by Plaintiff) through December 31, 2015 (the date Plaintiff's insured status expired).  R. 14; *see Hodges v. Colvin*, 568 F. App'x 639, 640 n.1 (10th Cir. 2014) (noting that "the relevant period for assessing disability" commenced "the day after the adjudication on the prior application" and ended on the date the claimant "was last insured for disability purposes").  At step two, the ALJ determined that Plaintiff had the severe impairments of: degenerative disc disease and degenerative joint disease of the shoulders, knees, and right hip; and status-post right-hip replacement and left-knee meniscus repair. R. 14-17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 17-18.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") during the relevant period, based on all of his medically determinable impairments, and found that during the relevant disability period:

> [Plaintiff] had the [RFC] to perform light exertion work as defined in 20 CFR 404.1567(b), except with his left upper extremity [Plaintiff] could occasionally reach overhead; with his left upper extremity [Plaintiff] could perform unlimited reaching in all other directions (except overhead); with his right upper extremity, [Plaintiff] could perform unlimited reaching in all directions (including overhead reaching); [Plaintiff] had no other physical limitations or restrictions; [Plaintiff] had no mental limitations or restrictions.

R. 18-23.

At step four, the ALJ considered the hearing testimony of a vocational expert and found that Plaintiff could perform his past relevant work as a furniture salesperson and as a household-appliances salesperson, as those jobs are generally performed in the national economy. R. 23-24. Thus, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period. R. 24. The SSA Appeals Council denied review, R. 1-5, and the ALJ's unfavorable determination stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

STANDARD OF REVIEW

This Court's judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously

examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," in determining whether the ALJ's decision is supported by substantial evidence. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). Though a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

*A. The ALJ's Evaluation of Plaintiff's Mental Impairments*

Plaintiff objects that the ALJ's failure to impose any mental limitations in the RFC, as well as the resulting finding that Plaintiff was able to return to his past relevant work in semiskilled or skilled positions, was predicated upon an overly selective review of the evidence in the record. *See* Pl.'s Br. (Doc. No. 18) at 7-13.[3] The Court agrees.

As noted, the ALJ assessed an RFC with "no mental limitations or restrictions." R. 18. In reaching his conclusion as to Plaintiff's RFC, the ALJ addressed Plaintiff's hearing

---

[3] As part of his determination at step two that Plaintiff's anxiety and depression were nonsevere—i.e., that they "did not cause more than minimal limitation" in Plaintiff's ability to perform basic work activities, R. 15—the ALJ found that Plaintiff had only mild limitations in four functional areas. R. 15-17; *see* 20 C.F.R. § 404.1520a(d)(1). Although Plaintiff's Brief refers to the ALJ's errors' effect on the step-two determination, it does not present a developed challenge to that determination, and the Court "will not speculate on [his] behalf." *Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003); *see* Pl.'s Br. at 12. In any event, a failure to find these impairments severe at step two typically would not warrant reversal where, as here, the ALJ found at least one other impairment is severe and proceeded to the next step of the sequential evaluation. *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016).

4

testimony, as well as certain of Plaintiff's mental-health treatment records for the period from July 23, 2011, through December 31, 2015. R. 19, 20-21 (citing R. 615-42 (Ex. 14F (treatment records from March 2015)); R. 643-54 (Ex. 15F (treatment records from January-April 2015)); R. 687-746 (Ex. 19F (treatment records from January-August 2015))). The ALJ also discussed and weighed the opinions of several state-agency psychologists who reviewed the evidence of record and issued Psychiatric Review Technique ("PRT") forms and other findings to the effect that Plaintiff's mental impairments were nonsevere in nature. R. 21 (citing R. 103-04 (Ex. 2A (PRT of June 18, 2015)); R. 118-19 (Ex. 4A (PRT of Aug. 20, 2015)); R. 116-17 (Ex. 4A (case analysis of Oct. 16, 2015))); *see also* R. 15-17, 23.

But the record contains important items of evidence from other mental-health professionals. For example, on July 7, 2011, state-agency reviewing psychologist Ruth Ann Mertens, PhD, issued both a PRT (Ex. 2F (R. 348-61)) and a Mental RFC Assessment (Ex. 8F (R. 466-69)). Included among her opinions were findings that Plaintiff had moderate limitations regarding: maintaining social functioning; maintaining concentration, persistence, or pace; understanding, remembering, and carrying out detailed instructions; and interacting appropriately with the general public. R. 358, 466-67. Dr. Mertens also found that while Plaintiff "can adapt to a work situation," he can perform only "simple and some complex tasks" and can relate to others only "on a superficial work basis." R. 468. And on June 15, 2011, J. Ronald Cruse, PhD, examined Plaintiff in person and issued a Mental Status Exam (Ex. 7F (R. 460-63)). Among Dr Cruse's findings are that Plaintiff's:

- Behavior was observed to be somewhat tense.
- Cognitive problems include impairment in recall and concentration.
- Occupational functioning has been severely impaired for 1 year.
- Interpersonal functioning has been moderately impaired.
- Personal functioning, as reflected in activities of daily living, is limited to a moderate degree.

R. 460-63.

The written decision nowhere mentions or weighs any of these 2011 opinions or findings. "There is obviously no requirement that the ALJ reference everything in the administrative record." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010). Because these opinions are "significantly probative," however, the ALJ erred in ignoring them without offering any explanation. *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (prescribing that an ALJ "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects").

The ALJ's repeated references to "July 23, 2011" (the day following the denial of Plaintiff's prior DIB application), together with a lack of discussion of Plaintiff's alleged onset date of April 10, 2010, indicate that he possibly believed evidence preceding the first denial date was not properly before him or irrelevant to the current DIB application. *See* R. 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24. Defendant endorses this view, arguing that the ALJ did not err because this evidence was "already considered by the Commissioner" in connection with Plaintiff's prior claim. Def.'s Br. (Doc. No. 22) at 7, 12 (emphasis omitted). The Court rejects Defendant's argument, which is inconsistent with Tenth Circuit authority. While the relevant period for assessing disability on the current

application may have begun on July 23, 2011, "a doctor's medical observations regarding a claimant's allegations of disability" that "date from earlier, previously adjudicated periods" "are nevertheless relevant to the claimant's medical history and should be considered by the ALJ." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *cf.* 20 C.F.R. § 404.1520(a)(3) ("We will consider all evidence in your case record when we make a . . . decision whether you are disabled."). Relatedly, an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004).

The ALJ's implied rejection of Dr. Mertens' opinions fails to account for the discrepancies between those opinions and those of the later reviewing psychologists. *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."). And the ALJ's failure to discuss Dr. Cruse's opinion essentially ignores that psychologist's firsthand observations in favor of findings made by others who reviewed the record but did not interact with Plaintiff personally. Absent adequate explanation, such treatment is not permissible under 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.").

Moreover, the Court's inability to discern the ALJ's reasoning in this respect renders the Court unable to find that he "considered all of the evidence" or "applied the correct legal standards" to arrive at the RFC determination and the conclusion that Plaintiff could return to his prior sales jobs. *Clifton*, 79 F.3d at 1009; *see also Washington v. Shalala*, 37

7

F.3d 1437, 1439 (10th Cir. 1994) ("Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." (internal quotation marks omitted)). *Compare* R. 466-67 (Dr. Mertens finding that Plaintiff was moderately limited in understanding, remembering, and carrying out detailed instructions and in interacting appropriately with the general public), *with Dictionary of Occupational Titles* ("DOT") 270.357-030, 1991 WL 672448 (4th rev. ed. 1991) ("Salesperson, Furniture") (requiring "[s]ignificant" "[p]ersuading" of people and "[s]peak[ing] before an audience with poise, voice control, and confidence"), *and* DOT 270.357-034, 1991 WL 672449 ("Salesperson, Household Appliances") (requiring "[i]nterpret[ation] [of] a variety of instructions" furnished in various forms and the ability to "[s]peak extemporaneously on a variety of subjects").

### B. The ALJ's Evaluation of Plaintiff's Physical Impairments

Plaintiff similarly contends that the ALJ erred in determining Plaintiff's RFC "by failing to discuss uncontroverted and/or significantly probative medical evidence," including evidence generated prior to July 23, 2011, that would be consistent with greater physical limitations than those imposed by the ALJ. Pl.'s Br. at 7-10. The Court does not reach this point of error because it "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### CONCLUSION

Based on the foregoing analysis, the decision of the Commissioner is REVERSED and REMANDED in accordance with sentence four of 42 U.S.C. § 405(g). Judgment will issue accordingly.

IT IS SO ORDERED this 23rd day of September, 2019.

CHARLES B. GOODWIN
United States District Judge