UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANIEL JAMES DRIEHORST,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ANDREW SAUL,** )<br>**Commissioner of Social Security,** )<br>)<br>**Defendant.** ) | **Case No. CIV-18-433-G** |

## **ORDER**

Now before the Court is Plaintiff Daniel James Driehorst's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 30), filed through Plaintiff's counsel Gayle L. Troutman.

On September 23, 2019, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA"), which had denied Plaintiff's application for disability insurance benefits ("DIB"), and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 24) at 1. On remand, the Social Security Administration issued a favorable decision on Plaintiff's DIB application and found that Plaintiff was entitled to benefits beginning in March 2014. *See* Pl.'s Mot. Att'y Fees at 1; Notice of Award, *id.* Ex. 2 (Doc. No. 30-2) at 1. The Notice of Award states that Plaintiff is entitled to past-due benefits and that 25 percent, or $25,393.00, of those past-due benefits is being withheld to be applied toward his attorney's fees. *See* Notice of Award at 2-3.

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

In her Motion, Plaintiff's counsel requests a fee award of $16,000.00, which is less than the 25 percent of Plaintiff's total past-due benefits stipulated as a proper fee in the agreement between Plaintiff and Plaintiff's counsel. *See* Pl.'s Mot. Att'y Fees Ex. 1 (Doc. No. 30-1) at 1 ("Claimant understands that Attorney will request the Federal Court to approve a reasonable fee up to 25% of the past-due benefits."). The Commissioner has responded that he has no objection to Plaintiff's counsel's request. *See* Def.'s Resp. (Doc. No. 31) at 1-2. The Commissioner correctly notes, however, that the Court previously awarded $4857.20 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and that if fees are now awarded pursuant to § 406(b) Plaintiff's counsel must refund the lesser EAJA award to Plaintiff. *See id.* at 2; Order of Jan. 3, 2020 (Doc. No. 27) at 1-2; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

Having carefully reviewed the parties' submissions, the Court finds that an award of $16,000.00, which is approximately 16% of the past-due benefit award, is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Plaintiff's counsel filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's DIB claim. *See* Doc. No. 18. The Commissioner then filed a brief in opposition, which counsel was required to review. *See* Doc. No. 22; Pl.'s Mot. Att'y Fees Ex. 4 (Doc. No. 30-4) at 4.

Ms. Troutman represents that she and her staff spent 25.9 hours litigating Plaintiff's disability case in federal court, which would result in an effective hourly rate of $681.20 with respect to the relevant portion of the requested § 406(b) fee. *See* Pl.'s Mot. Att'y Fees at 5-11; *id.* Ex. 4, at 1-5; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour). Plaintiff and his attorney agreed that the latter may collect attorney's fees for representation before the Court in the amount of the currently pending request, and the Court finds the unopposed request reasonable under the circumstances of this case. *See* Pl.'s Mot. Att'y Fees Ex. 1, at 1; *cf. Boatman v. Astrue*, No. CIV-12-184-M (W.D. Okla. Sept. 3, 2015) (order approving § 406(b) award where putative rate was approximately $788.64 per hour).

3

Accordingly, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 30) is GRANTED.  Plaintiff's attorney Gayle L. Troutman is awarded attorney's fees in the amount of $16,000.00, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case.  *See* 42 U.S.C. § 406(b)(1)(A).  The Social Security Administration shall pay this amount directly to: Gayle L. Troutman, Troutman & Troutman PC, 1350 S. Boulder Avenue, Suite 410, Tulsa, Oklahoma, 74119.  Upon payment, Ms. Troutman shall promptly refund to Plaintiff the $4857.20 previously awarded under 28 U.S.C. § 2412.  *See* Order of Jan. 3, 2020, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 15th day of March, 2021.

_____
CHARLES B. GOODWIN
United States District Judge